HENRY, LEE & Co. v. THE CASS COUNTY MILL AND ELEVATOR COMPANY.

1. **Contract**: AGREEMENT TO SETTLE: VERDICT. A voluntary agreement between the parties to an action, by which their respective claims are adjusted and the controversy settled, has the effect of a verdict, and nothing remains but final judgment to determine the action.

2. ———: ———: INTERVENTION. When such an agreement has been made a third party, claiming an interest in the subject of the litigation cannot intervene.

*Appeal from Mills District Court.*

MONDAY, DECEMBER 13.

ON the 13th day of September, 1873, Henry, Lee & Co. commenced an action in the District Court of Montgomery county, claiming of defendants $2,124.64.

The venue was changed to Mills county, and at the September Term, 1874, of the court of said county, the cause was tried and a verdict was returned for the plaintiffs, which was set aside by the court, and the cause was continued to the February Term.

On the 18th day of February, 1875, the parties effected a settlement and compromise, which was reduced to writing, signed by the parties, and on the morning of the 19th day of February, 1875, filed in open court. The stipulation, signed by the respective parties to the suit, is as follows:

"It is hereby stipulated that all the issues in the above action are this day fully and entirely adjusted and settled. Judgment is to be entered against the plaintiffs for the costs

herein incurred except those already paid by the defendants. Dated February 18th, 1875."

On the 24th day of February, 1875, H. A. McFatrich filed his duly verified petition of intervention in said cause, "setting up that he was the owner of the subject matter of the controversy, and that he had been such owner since June 11th, 1873, by sale and assignment to him from Henry, Lee & Co., the plaintiffs in the main action.

That the fact that he was such owner was known to the plaintiffs and defendants in the main action at the time of, and before the settlement and compromise were made, and that the same were made secretly. That said settlement was made by T. H. Lee, a member of the firm of Henry, Lee & Co., and that it was a fraud on J. F. Somes and S. A. Henry, the other members of the firm of Henry, Lee & Co., and also a fraud on him, the said intervenor."

Attached to this petition is a bill of sale, dated June 11th, 1873, executed by the individual members comprising the firm of Henry, Lee & Co., selling and transferring to H. A. McFatrich the entire stock of goods and merchandise in the Empire Store, in the town of Red Oak, together with a warehouse and grain therein, and a pair of scales near the depot, all books of accounts, notes, mortgages and contracts of all kinds, and all property of every description of the said Henry, Lee & Co.

On the 25th day of February, 1875, the defendants filed a motion to strike from the files the petition of intervention, on the following grounds:

"1.  Said petition of intervention was not filed in the case until after a full and complete trial and settlement of the case, and stipulations of said settlement and agreement of settlement had been signed by the parties in the case, and filed in this court.

" 2.  That the case had been fully tried and settled by the parties to said action, on the 18th day of February, A. D., 1875, and the said petition of intervention was not filed until the 24th day of February, 1875."

The defendants also moved for judgment on the stipulations for settlement.

The court overruled the motion for judgment, and the motion to strike the petition of intervention from the files. Defendants appeal.

*Temple & Phelps, Watkins & Williams* and *Hale & Stone*, for appellants.

*W. P. Hepburn, Smith McPherson* and *D. H. Solomon*, for intervenor.

*H. K. McJunkin*, for plaintiffs.

DAY, J.—The right to intervene is purely a statutory right, and it must be exercised at the time, and in the manner, the statute prescribes.

Sections 2683 and 2684 of the Code provide:

"Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the cause and before the trial commences. The court shall determine upon the intervention, at the same time that the action is decided, and the intervenor has no right to delay."

The intervention must be made before the trial commences. After the verdict all would admit it would be too late to inter-

1. CONTRACT: agreement to settle: verdict.

vene. But a voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record as fully and finally determines the controversy as a verdict could do. The agreement puts the case exactly in the attitude of one in which a verdict has been returned. In either case nothing remains but the final judgment of the court. It is not the intention of the statute that one not a party to the record shall be allowed to interpose and

open up and renew a controversy which has been settled between the parties to the record, either by verdict or voluntary agreement. This is evident from section 2684, which provides that the court shall determine upon the intervention at the same time that the action is decided. When a verdict has been returned, or the parties have agreed upon the judgment to be entered, then the action has been decided, and it is too late to entertain the claim or determine the rights of an intervenor.

2. ——: ——: intervention.

The record shows that at the February Term, 1874, of the District Court, the intervenor knew that this action was pending in the name of Henry, Lee & Co. The agreement of settlement was not filed until the February Term, 1875. The intervenor had ample time to present his petition before the controversy was concluded by settlement. Not having done so, if he has any independent rights he must present and prosecute them by an original action. He has permitted the time of availing himself of the right to intervene to pass by.

The court erred in overruling the motion to strike the petition of intervention from the files, and in refusing to enter judgment upon the agreement of the parties to the record.

REVERSED.