SAFELY, RESPONDENT, *v.* CALDWELL (PIONEER BUILDING & LOAN ASSOCIATION, INTERVENOR), APPELLANT.

[Submitted November 11, 1895.  Decided November 25. 1895.]

INTERVENTION—*Filing complaint after default.*—Under section 24, Code of Civil Procedure, providing that any person may intervene "before the trial of an action," a party will not be permitted to intervene who does not file his complaint until after the defendants' default for want of an answer has been entered, and which has not been set aside, and when nothing remains to be done but to enter the judgment. Under such circumstances the default takes the place of a "trial" within the spirit of the statute.

*Appeal from Ninth Judicial District, Gallatin County.*

INTERVENTION.   Plaintiff's demurrer to the complaint in intervention was sustained by ARMSTRONG, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

Plaintiff, Safely, commenced this action against the sheriff, demanding that he pay to him money in his (the sheriff's) hands, collected by the sheriff on a judgment which had been assigned by the judgment creditor, R. L. Noe, to this plaintiff.   The default of the defendant, the sheriff, was duly entered on the 5th of June.   On the 6th of June, B. E. Vaile made application to intervene.   The rights of Vaile were afterwards assigned to the Pioneer Building & Loan Association, which now appears upon the records as intervenor.   To the complaint in intervention a demurrer was sustained, and judgment entered for plaintiff, Safely.   The intervenor appeals.

*John A. Luce,* for Appellant.

*Sutton & Thresher,* for Respondent.

DE WITT, J.—We are of the opinion that the complaint in intervention was not filed in time.   Section 24, Code of Civil

Procedure, 1887, provides that "any person may before the trial intervene in an action or proceeding," etc. We think that, in the sense intended by this statute, the intervenor in this case did not, in effect, intervene before the trial. It is true that no trial was had between the original parties, for the reason that the original defendant defaulted. This default has never been opened. It still stands.

It was held, in *Thompson* v. *Lumber Co.*, 4 Wash. 600, 30 Pac. 741, that a complaint in intervention was in time if it were not filed until after a motion for default had been made. But in the case at bar there was more than a motion for default. The default had been entered. The action was upon a simple money demand for funds alleged to be in the hands of the defendant and belonging to the plaintiff. In a case of this nature, if no answer is filed within the time specified in the summons, the clerk shall enter the default of the defendant. (Code of Civil Procedure, § 245.)

In this case more formality was observed than was required by the statute. The default was entered in court. The statute (section 245, *supra*), further provides that, immediately upon the entering of such default, the clerk shall enter judgment for the amount specified in the summons. In this case the judgment was to follow, of course, upon the default. Nothing remained to be done but the ministerial act of the clerk. No trial was to be had. It was dispensed with by the default. The clerk enters a judgment, after a trial, just as he does after a default. If the intervention must take place before trial, we think the spirit of the statute is that it should also take place before that happens which takes the place of a trial,—that is to say, before the default, and where the default is undisturbed.

It is said, in Pom. Rem. § 416: "Passing to the Codes of Iowa and California, we see that intervening rises at once into a proceeding of great importance. It may be resorted to in any and all actions, and at every stage in the action prior to the commencement of the trial." Again we find, in the same book (page 492): "As to the provision that the intervenor

has no right to delay, it has been held that, in general, he cannot intervene after the cause has been submitted to the court for decision. (*Teachout* v. *Railway Co.*, 75 Iowa 722, 38 N. W. 145.)"

In the case at bar, the case had gone further than a submission. All had been accomplished which could have been attained by a trial and verdict. If the default had been inadvertently entered, or by reason of an excusable neglect of the defendant, an application to open the default could have been made on the statutory grounds, and, if granted, the intervenor would have had opportunity to appear. But this was not done. The default remained. The intervenor appeared only after the default, and when nothing remained but to enter judgment, just as nothing would remain but to enter judgment after a trial had. No collusion was claimed between the plaintiff and original defendant. In fact, the showing was that there was no collusion.

We are of the opinion that the intervener did not intervene within the time contemplated by the spirit of the statute. (Code of Civil Procedure 1887, § 24.) Judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.