[No. 7468.    Decided June 8, 1909.]

SEATTLE & NORTHERN RAILWAY COMPANY, *Respondent*, v.
ANNE C. BOWMAN *et al.*, *Appellants*.[1]

PLEADING—INTERVENTION—TIME FOR FILING COMPLAINT. Under
Bal. Code, § 4846, a complaint in intervention is too late if not filed
until after judgment.

JUDGMENT—VACATION—COLLATERAL ATTACK — PROCESS — CORPORA-
TIONS. Where a default judgment against a corporation is regular
on its face and recites due personal service, the acceptance of service
by a *de facto* vice president cannot be attacked by a complaint in
intervention, but only by direct attack on the judgment by motion
or petition, under Bal. Code, §§ 5153, 5156.

JUDGMENT — MOTIONS—ESTOPPEL—APPEAL — REVIEW — THEORY OF
TRIAL BELOW. Where parties have insisted on treating their petition
as a complaint in intervention, after their right to intervene was
challenged, they cannot, for the first time in the supreme court, have
it considered as a motion or petition to vacate a judgment, long
after the time for such proceedings had expired; as the cause must
be considered on appeal on the theory adopted below.

CORPORATIONS—STOCKHOLDERS—MINORITY — EXHAUSTING REMEDIES
IN CORPORATION. A complaint, by minority stockholders, of an al-
leged "freeze out" is demurrable where it fails to show that they
have exhausted their remedies in the corporation, or any excuse for
failure so to do.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered December 9, 1907, upon sustain-
ing a demurrer to a complaint in intervention, dismissing a
petition to vacate a judgment against an insolvent corpora-
tion, and for an accounting.    Affirmed.

*Frank Quinby*, for appellants.

*L. C. Gilman* and *B. O. Graham*, for respondent.

CROW, J.—This action was commenced by Seattle &
Northern Railway Company, a corporation, against Union
Wharf Company, a corporation, to recover $3,188.46 on an
open account.    Upon plaintiff's motion and notice, a receiver

[1]Reported in 102 Pac. 27.

was appointed, who took possession of defendant's property and filed an inventory and report. On September 22, 1904, a default judgment was entered in plaintiff's favor. On December 17, 1904, Anne C. Bowman, sole legatee of Amos Bowman, deceased, Melville Curtis, John Semar, B. F. Mc-Cracken, T. B. Childs, and Flora M. Reilly, having first obtained leave, filed their complaint in intervention, in which they in substance alleged, that the capital stock of the defendant corporation consisted of two hundred and forty shares, of the par value of $50 each; that the interveners owned thirty-five shares; that since 1895, a majority of one hundred and forty-four shares had been owned by the plaintiff, but was carried in the names of certain private individuals; that plaintiff had removed the books and records of the defendant corporation from the state of Washington; that at no time since 1895 had there been any annual meeting of the stockholders or election of officers; that the defendant had transacted no business which would cause it to incur an indebtedness; that it was not indebted to plaintiff in any sum; that in this action plaintiff had caused service to be made on one S. H. Piles, who had accepted the same as defendant's vice president; that at the time of such pretended service he was not a stockholder, officer, or managing agent of the defendant corporation, and that the trial court never had jurisdiction to enter the default judgment. The interveners prayed that the judgment be vacated; that plaintiff be ordered to return defendant's books and records to this state; that a full accounting be had, and that judgment be entered against the plaintiff for any sum that might be found to be due from it to the defendant.

To this complaint in intervention the plaintiff interposed a general demurrer, which was heard on March 20, 1905, then taken under advisement, and sustained on April 17, 1905, as shown by a *nunc pro tunc* order entered on May 18, 1906. On May 12, 1906, the interveners asked permission to amend their complaint in intervention by adding thereto a

27—53 WASH.

paragraph which in substance alleged that the receiver had conspired with the plaintiff to obtain the entry of the judgment and the sale of defendant's property, and to aid the plaintiff in "freezing out" the interveners as minority stockholders. This application being denied, the interveners stood upon their original pleading; whereupon judgment was entered dismissing them from the action. From this judgment they have appealed.

Appellants contend (1) that their complaint in intervention was filed in time; (2) that in any event .it should be considered as a motion or application to vacate the judgment; and (3) that it states facts sufficient to entitle them to the relief demanded.

The statute, Bal. Code, § 4846 (P. C. § 272), provides that: "Any person may, *before the trial,* intervene in an action or proceeding, who has an interest in the matter of litigation, in the success of either party, or an interest against both. . . ." Appellants' complaint in intervention was not filed until after the entry of the judgment, which is regular upon its face, and affirmatively recites due and personal service upon the defendant. A complaint in intervention is filed too late if filed after judgment. It must be filed before trial, which necessarily precedes the entry of judgment. *Wiseman v. Eastman,* 21 Wash. 163, 57 Pac. 398; *Hight v. Batley,* 32 Wash. 165, 72 Pac. 1034, 98 Am. St. 851; *Meadows v. Goff,* 90 Ky. 540, 14 S. W. 535.

Appellants nevertheless contend that the complaint in intervention was filed in time, because they allege that the person upon whom service was made was not the legally elected vice president of the defendant, that the judgment entered upon such service was void, and that no trial has yet occurred in the court below. The allegations mentioned are not sufficient to negative the showing of the record that Mr. Piles, upon whom service was made, who assumed to act as vice president in admitting service, and was presumably in possession of the office, was at least a *de facto* officer. No al-

legation is made stating who was vice president, or who held any other office in the defendant corporation, or who was the person upon whom legal service could be made. In *Davis v. Edwards*, 41 Wash. 480, 84 Pac. 22, it was held that the title to an office in a corporation cannot be tried in a proceeding of this character. As the judgment is regular upon its face and recites due and personal service, it would seem that the validity of such service and the question whether the person upon whom it had been made was an authorized officer of the defendant, could only be questioned in a proceeding directly attacking the judgment, properly instituted by motion or petition under the provisions of Bal. Code, § 5153 *et seq.* (P. C. § 1033).

Appellants, however, contend that the complaint in intervention should be considered as such a motion or application to vacate the judgment and as a direct attack thereon. The record indicates that throughout all the proceedings the appellants themselves regarded their pleading only as a complaint in intervention. Its allegations, and the manner in which it was presented, negative the idea that it was otherwise regarded by themselves, the respondent, or the trial court, or that it was intended as a direct attack upon the judgment under the statute above mentioned. Appellants' proposed amendment, which was denied, was not of such a character as to invoke the court's consideration of the pleading on the theory that it was a motion or petition under Bal. Code, § 5155 or § 5157 (P. C. §§ 1035, 1037), but the amendment was requested with the manifest intention of perfecting the pleading as a complaint in intervention. Their present contention that the pleading was a direct attack upon the judgment, under the statute, seems to have been made for the first time in this court, to give it a standing to which it is not entitled as a complaint in intervention. Their cause must be considered here, upon the same theory on which it was presented to and considered by the trial court. *Normile v. Thompson*, 37 Wash. 465, 79 Pac. 1095; *Sanders v. Stim-*

*son Mill Co.*, 34 Wash. 357, 75 Pac. 974. Appellants' right to intervene and the procedure adopted by them was challenged by the respondent long before the time expired within which they could have filed a motion under Bal. Code, § 5155 (P. C. § 1035), or a petition under Bal. Code, § 5156 (P. C. § 1036), to vacate the judgment. Notwithstanding such prompt challenge they continued to stand on their pleading on the theory that they were interveners, and that it was a complaint in intervention.

In any event, appellants' pleading does not state facts sufficient to give them any standing in court or to entitle them to relief. They are minority stockholders, attempting as such to litigate issues arising between the respondent and the defendant corporation. Their pleading contains no allegation that they have exhausted such remedies as may have been open to them within the corporation itself, or available by an application to its officers or trustees, nor do they allege facts sufficient to excuse the necessity of such action. Stockholders as such are not entitled to the relief demanded by appellants. The management of corporate affairs is properly vested in a board of directors, and it is against the policy of the law to permit stockholders as such to usurp their functions. When stockholders believe the corporation is about to incur loss or be injured in threatened or pending litigation, they should first consult with the directors, seek protection through them, and if possible, reach an understanding as to the merits and conduct of the litigation. They should not be permitted to resort to the courts in their capacity as stockholders unless the remedies thus sought are denied them by the officers and directors of the corporation itself.

The respondent's demurrer was properly sustained, and the judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, GOSE, DUNBAR, MORRIS, and FULLERTON, JJ., concur.