JOSEPH RYAN, ET AL., APPELLANTS, *v.* MARTHA W. LANDIS, ET AL., RESPONDENTS.

No. 3220

January 6. 1938.                    74 P.(2d) 1179.

*Springmeyer & Thompson,* for Respondents:

*Wayne T. Wilson* and *Emerson J. Wilson,* Attorneys for Appellants, did not file a brief on the motion to strike.

## OPINION

By the Court, DUCKER, J.:

■ This is a motion to strike portions of the record on appeal. An examination of the record reveals that the motion is addressed to parts of the bill of exceptions. Respondent Martha W. Landis claims that the matter objected to is immaterial and therefore has no place in a bill of exceptions. If, in fact, such matter was erroneously included in the bill of exceptions, we have no power to strike it.

■■ This court has no general or revisory power over

a bill of exceptions. When settled in the manner and within the time prescribed by law, the bill of exceptions becomes a part of the record on appeal. It is, however, not subject to amendment in this court, except, in effect, in the single instance of a trial judge refusing to allow an exception in accordance with the facts. In that event the party aggrieved may petition the supreme court to prove the same and shall have the right so to do. And such exceptions as are allowed by said supreme court shall become a part of the record of the cause. Chapter 32, Stats. 1937, p. 64, sec. 31. The methods prescribed for settlement of a bill of exceptions are found in that chapter. See page 63, sec. 31 et seq.

■ In this case the method chosen for settlement was by the trial judge. His power in this respect conferred by said statute is general, limited only to the extent above mentioned. The logic of the statute is well expressed in Re Gates, 90 Cal. 257, 27 P. 195, 196. The court said: "His familiarity [the trial judge] with the trial, and knowledge of what then took place, better qualify him than any other tribunal for determining how much of the evidence or other matter is necessary to explain the objection. This court cannot in advance of a hearing upon the appeal, determine whether any particular piece of evidence or other matter proposed as an amendment is necessary to explain the objection. A proper determination of that question would require an investigation of the whole case, including the pleadings and other evidence that had been admitted as well as the state of the trial at the time the objection was made."

As stated in Hyde v. Boyle, 86 Cal. 352, 24 P. 1059, 1060: "The duty and power of settling statements and bills of exceptions rest generally and properly in the judge of the trial court. This court can interfere with such statement or bill only in the cases provided by statute; and the only case thus provided is found in said section 652. But that section refers only to a case where

the judge has 'refused to allow an exception.' It does not give this court jurisdiction to remodel a bill of exceptions generally by striking matter out of it, etc., as is prayed for in this petition."

See, also, Landers v. Landers, 82 Cal. 480, 23 P. 126; Vance v. Superior Court, 87 Cal. 390, 25 P. 500; Cox v. Delmas, 92 Cal. 652, 28 P. 687.

The motion to strike portions of the record on appeal should be denied.

It is so ordered.

## ON THE MERITS

February 3, 1938.                    75 P.(2d) 734.

*Wayne T. Wilson* and *Emerson J. Wilson,* for Appellants:

*Springmeyer & Thompson,* for Respondents:

# OPINION

By the Court, DUCKER, J.:

This is an appeal by interveners named above from an order of the trial court vacating its ex parte order granting them leave to file their complaint in intervention. The action was instituted by respondent Martha W. Landis against the public service commission and the receiver of the United Nevada Bank, for the purpose of vacating and setting aside an order of the said commission insofar as it applied to the transportation of water to her lands, and to obtain a judgment that she is the owner of the usufructuary right in the use of 70 miner's inches of the waters transported in the Last Chance ditch, free from any charge, tax, or assessment whatsoever; and that as to her, the said ditch is not a public utility. The said order entered on the 15th day of April, 1935, is as follows: "It is hereby ordered, That for the year 1935, and until further order of this commission, The Last Chance Ditch Company may charge for water served to its patrons the sum of $2.50 per inch, after the same has been customarily measured, and no more."

The action was numbered 5162 in the trial court. There was also pending in the same court an action in which the issues were the same, numbered 5101.

Demurrers were filed by the defendants in both cases, and were set down to be heard together. At the hearing the demurrers in action 5101 were argued, submitted, and overruled. Defendants therein declining to plead further, judgment was entered against them. Thereupon, the attorney for the commission in the instant action stipulated that its demurrers also be overruled, and that judgment should be entered in favor of respondent Martha W. Landis and against the public service commission. Accordingly, such judgment was rendered on February 4, 1936, and entered on the following month. The commission was represented by the attorney-general.

The pendency of these suits was known to appellants. On January 25, 1937, they obtained leave ex parte from the court to file said complaint in intervention. On July 16, 1937, on motion of respondent Martha W. Landis, the order for intervention was vacated, as previously stated.

■ Respondent contends that the order should be affirmed because the complaint in intervention was not filed in time, and this was one of the reasons assigned by the court for granting the order. Section 8563 N. C. L. provides, in that respect, as follows: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

As appears from the statement of facts the complaint in intervention was not filed until almost a year after judgment. Necessarily this was not before trial, as the statute provides. The court in Kelly v. Smith et al., Middlecoff, Intervener, 204 Cal. 496, 268 P. 1057, 1059, said, of an identical statute: "Of course, after recovery of judgment, no intervention is permissible, as in all cases it must be made before trial."

Under a statute similar to ours, the courts in Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 202 N. W. 588, held that a person attempting to take advantage of this remedy without bringing himself within the provisions of the statute is considered a mere "interloper" who acquires no rights by his unauthorized interference, unless there is a waiver of objections. True, in the instant case, there was no trial in the strict sense of the word. The judgment rendered was by consent of the parties. This was equivalent to a trial in our opinion within the meaning of the statute. That a default is held to be such equivalent, see Safely v. Caldwell, 17 Mont. 184, 42 P. 766, 52 Am. St. Rep. 693, and Hibernia Savings & Loan Society v. Churchill et al., 128 Cal. 633, 61 P. 278, 79 Am. St. Rep. 73. The principle is the

same if the judgment is by agreement of the parties. In Henry & Lee Co. v. Elevator Co., 42 Iowa 33, it was so held. The court said: "The intervention must be made before the trial commences. After the verdict all would admit it would be too late to intervene. But a voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record as fully and finally determines the controversy as a verdict could do. * * * It is not the intention of the statute that one not a party to the record shall be allowed to interpose and open up and renew a controversy which has been settled between the parties to the record, either by verdict or voluntary agreement."

However, appellants contend that there was no trial because the judgment is void, and consequently their complaint in intervention was filed in time.

It is argued that there was no trial on this account, for the reason that the court was without jurisdiction, first, because the complaint does not state a cause of action; and, second, because the attorney-general was without power to consent to the judgment. While the contention is novel, appellants are not exactly pioneers as to the proposition that intervention is a proper remedy to vacate a judgment alleged to be void, and cause a trial to be had with interveners as a party. The attempt was made in Seattle & N. Ry. Co. v. Bowman et al., 53 Wash. 416, 102 P. 27. The contention was denied and appellants referred to their remedy under the statute of that state.

■ A complaint in intervention is a pleading afforded a third person, if timely filed in an action or proceeding, to have determined therein an interest in the matter in litigation which may be adverse to one party or both. It was not intended that such a pleading could in addition to that function perform the office of a motion to vacate a void judgment, or a suit in equity to attack it directly. Appellants have referred us to no precedent where statutory intervention has been so employed, and

we know of none. An intervener must take the action as he finds it. Cahn v. Ford et al., S. Levy, Jr., Intervener, 42 La. Ann. 965, 8 So. 477; Freeman on Judgments, 5th Ed., vol. 1, p. 898.

The order appealed from should be affirmed.

It is so ordered.