552 P.2d 488 (1976)
C.R. CLELAND et al., Petitioners,
v.
The EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, IN AND FOR the COUNTY OF CLARK, Department NO. V, Respondent.
Shirley HANSELL, City Clerk of the City of North Las Vegas, Nevada, Appellant,
v.
Robert PEAKE, Respondent.
Nos. 8817, 8829.
Supreme Court of Nevada.
July 23, 1976.
Rehearing Denied August 31, 1976.
*489 George E. Franklin, Las Vegas, John B. Squires, North Las Vegas, for petitioners and appellant.
George E. Holt, Dist. Atty., John P. Fadgen, Las Vegas, for respondents.

OPINION
PER CURIAM:
Consolidated for review, these cases concerning the recall of elected officials arise from district court orders 1) granting respondent's petition for writ of mandamus, and 2) denying petitioners' motion to intervene in proceedings concerning that petition.
Hearings to determine the sufficiency and validity of respondent's petitions for recall were conducted pursuant to NRS 306.040. Petitioners, Mayor and two Councilmen of the City of North Las Vegas, moved for and were denied intervention in those hearings. Thereafter, the district court issued a writ of mandamus directing appellant City Clerk to issue a call for a special election in accordance with NRS 306.040(2).
Appellant contends the district court 1) lacked jurisdiction to conduct the sufficiency and validation hearings, and 2) erred by validating the recall petitions and issuing a call for a special election. Petitioners contend the court exceeded its jurisdiction by denying their motion to intervene. We find no merit in these contentions.
1. Appellant contends the district court lacked jurisdiction to determine the sufficiency and validity of the recall petitions. However, we find such jurisdiction is specifically vested in the district court by NRS 306.040(2). She further contends it was error to validate the petitions and issue a call for a special election because those petitions did not strictly adhere to the requirements of NRS 306. We have previously held that recall statutes should be liberally construed with a view toward promoting the purpose for which they are enacted. State v. Scott, 52 Nev. 216, 285 P. 511 (1930). Here, the purpose of the statutes is impliedly to insure that only registered voters are engaged in the statutory procedures culminating in a special *490 recall election. See NRS 306. We find the rule of substantial compliance best furthers this purpose and is apposite to the determination of sufficiency and validity of petitions here involved. See Springer v. Mount, 86 Nev. 806, 477 P.2d 159 (1970); cf. In re Rice, 35 Ill. App.2d 79, 181 N.E.2d 742 (1962).
2. Petitioners' motion to intervene was denied on the ground it was not timely, as required by NRCP 24. Timeliness is a determination that lies within the sound discretion of the trial court. We find no abuse of that discretion. In re Marriage of Guinn, 522 P.2d 755 (Colo. App. 1974).
Numerous other contentions of the parties being without merit, we approve the district court's orders.
Petition denied; judgment affirmed.
GUNDERSON, C.J., and BATJER, ZENOFF, MOWBRAY and THOMPSON, JJ., concur.