H. ROGER LAWLER, Appellant, *v.* LLOYD R. GINOCHIO, LAWRENCE R. GINOCHIO, LOUIS J. GINOCHIO, LEONARD E. GINOCHIO and LOUIS L. WELKER, individually and doing business as GINOCHIO LIVESTOCK COMPANY, Respondents.

No. 9790

September 28, 1978                                    584 P.2d 667

*Hale, Lane, Peek, Dennison and Howard,* Reno, for Appellant.

*Hill, Cassas and deLipkau,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In July, 1974, plaintiff-respondents, Lloyd, Lawrence, Louis and Leonard Ginochio, and Louis Welker, individually and doing business as Ginochio Livestock Company, commenced this action to recover damages incurred by them as a result of appellant Lawler's possession of the Calico Farms ranch in northern Nevada, under terms of an unconsummated agreement to purchase. The cause was tried before the court, sitting without a jury, on January 13–16, and July 15–16, 1975. Judgment for the original plaintiffs and Ginochio Livestock Company, intervenor, was entered March 11, 1976. On appeal, Lawler contends that the trial court erred in permitting the intervention of Ginochio Livestock Company, and in concurrently denying his motion to dismiss the complaint on the ground that the original plaintiffs were not real parties in interest. We disagree and affirm.

1. During presentation of plaintiffs' evidence in January, 1975, Lloyd Ginochio testified that he had executed a deed conveying his interest in the ranch to the family corporation, Ginochio Livestock Company. He was unable to testify from personal knowledge that the remaining plaintiffs, the other shareholders in the corporation, had also signed the deed. Lawler moved to dismiss the complaint on the ground that the Ginochio Livestock Company, a California corporation which had not qualified to do business in Nevada, was the real party in interest. The court, indicating that factual issues regarding

status of title to the ranch remained to be resolved, reserved judgment on the motion until the previously-scheduled interval between plaintiffs' and defendant's presentation of evidence. Counsel for plaintiffs indicated that his intention was to qualify the corporation to do business in Nevada and then move to intervene. The corporation's motion to intervene was subsequently filed on April 3, 1975, accompanied by evidence of its qualification to do business in Nevada as of March 5, 1975. The court granted the motion to intervene, and denied Lawler's motion to dismiss, on July 10, 1975.

Appellant suggests that NRS 80.210 prohibits the intervention of a foreign corporation which was not qualified to do business in Nevada at the time the suit was commenced, and that in any event the motion for intervention was not timely filed.

2. Lawler contends that the trial court's decision to allow Ginochio Livestock Company to intervene in this case violated the provision of NRS 80.210(1) that

> Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, . . . shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state until it shall have fully complied with the provisions of NRS 80.010 to 80.040, inclusive.

We find that there was no violation of NRS 80.210(1), since the corporation had fully complied with the provisions of NRS 80.010 to 80.040, and thus was qualified to do business in Nevada, by the time it sought access to the court.

As this court has stated,

> Statutes imposing penalties upon such [non-complying foreign] corporations for transacting business within a state or denying them the right to institute or maintain actions in the courts of the state until they have complied with the law have usually been sustained. In enforcing such statutes, however, the courts have been careful not to limit the rights of such corporations beyond the plain import of the language used in the statute. [Citation omitted.]

Scott v. Day-Bristol Consolidated Mining Co., 37 Nev. 299, 303, 142 P. 625 (1914). Here the corporation did not seek to "commence, maintain or defend" the action until it had fully complied with the statute. The situation is thus distinguishable from that dealt with by this court in League to Save Lake

Tahoe v. Tahoe Regional Planning Agency, 93 Nev. 270, 563 P.2d 582 (1977), in which the non-complying corporation, as sole plaintiff, sought to commence and maintain an action in violation of the express terms of the statute.

Since the corporation was fully qualified to do business in Nevada at the time it sought access to the court by its motion to intervene, the trial court was not precluded by the terms of NRS 80.210 from granting its motion.

3. Lawler also contends that the corporation's motion to intervene should have been denied on the ground that it was not timely, as required by NRCP 24. "Timeliness is a determination that lies within the sound discretion of the trial court." Cleland v. Eighth Judicial District Court, 92 Nev. 454, 456, 552 P.2d 488 (1976). As one federal court has observed in interpreting the equivalent federal rule, " 'Timeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970).

The most important question to be resolved in the determination of the timeliness of an application for intervention is not the length of the delay by the intervenor but the extent of prejudice to the rights of existing parties resulting from the delay. Duff v. Draper, 527 P.2d 1257, 1260 (Ida. 1974); McDonald v. E. J. Lavino Co., *supra;* Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir.), *cert. denied sub nom.* Trefina, A.G. v. United States, 400 U.S. 878 (1970); 7A Wright & Miller, Federal Practice and Procedure: Civil § 1916 (1972). In this case, appellant has failed to demonstrate any prejudice resulting from the timing of the corporation's application. No new factual issues related to the underlying dispute were raised by the corporation's complaint or by Lawler's answer to it. Lawler was granted his day in court, and was fully protected by the court's ruling.[1] *See* Good v. District Court, 71 Nev. 38, 279

---

[1]The decision by the trial court to allow the intervention of the corporation, and deny appellant's motion to dismiss, is particularly appropriate in light of appellant's contention that the corporation was the real party in interest. NRCP 17(a) provides, in pertinent part,

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . .

In granting the corporation's motion to intervene, the court was protecting the legitimate interests of appellant, while adhering to the requirement of NRCP 17(a) that a "reasonable time" be allowed for joinder.

P.2d 467 (1955). The court's action was entirely consistent with the admonition of NRCP 1 that the Nevada Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action."

The judgment is affirmed.