136 Nev., Advance Opinion 24

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHEYENNE NALDER, AN INDIVIDUAL; AND GARY LEWIS, PETITIONERS AND REAL PARTIES IN INTEREST,<br>Petitioners,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE DAVID M. JONES, DISTRICT JUDGE; AND THE HONORABLE ERIC JOHNSON, DISTRICT JUDGE,<br>Respondents,<br>and<br>UNITED AUTOMOBILE INSURANCE COMPANY,<br>Real Party in Interest. | No. 78085 |
| GARY LEWIS,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ERIC JOHNSON, DISTRICT JUDGE,<br>Respondents,<br>and<br>UNITED AUTOMOBILE INSURANCE COMPANY; AND CHEYENNE NALDER,<br>Real Parties in Interest. | No. 78243 |

FILED

APR 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

20-16341

Consolidated original petitions for writs of mandamus challenging district court orders granting intervention, consolidation, and relief from judgment in tort actions.

*Petitions granted in part and denied in part.*

Christensen Law Offices, LLC, and Thomas Christensen, Las Vegas; E. Breen Arntz, Chtd., and E. Breen Arntz, Las Vegas,
for Petitioner Gary Lewis.

Stephens & Bywater, P.C., and David A. Stephens, Las Vegas,
for Petitioner/Real Party in Interest Cheyenne Nalder.

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, J. Christopher Jorgensen, and Abraham G. Smith, Las Vegas; Winner & Sherrod and Matthew J. Douglas, Las Vegas,
for Real Party in Interest United Automobile Insurance Company.

---

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

These writ petitions arise from litigation involving a 2007 automobile accident where Gary Lewis struck then-minor Cheyenne Nalder. A default judgment was entered against Gary after he and his insurer, United Automobile Insurance Company (UAIC), failed to defend Cheyenne's tort action. After Cheyenne's attempt a decade later to collect on the judgment through a new action, UAIC moved to intervene in and consolidate the decade-old tort lawsuit and this new action, and the district court granted UAIC's motions. In these proceedings, we consider whether intervention and consolidation after final judgment is permissible. Because

 

we hold that intervention after final judgment is impermissible under NRS 12.130, we conclude that the district court erred in granting intervention in the initial action where a default judgment had been entered but properly granted intervention in the new action where a final judgment had not yet been entered. We also conclude that because an action that reached final judgment has no pending issues, the district court improperly consolidated the two cases. Finally, we conclude that the district court properly vacated a judgment erroneously entered by the district court clerk when a stay was in effect. Accordingly, we grant these petitions for extraordinary relief in part and deny in part.

## FACTS

In July 2007, petitioner Gary Lewis struck then-minor petitioner/real party in interest Cheyenne Nalder with a vehicle. James Nalder, as guardian ad litem for Cheyenne, instituted an action in 2007 (Case No. 07A549111, hereinafter the 2007 case) seeking damages. In 2008, the district court entered a default judgment against Gary for approximately $3.5 million. Real party in interest UAIC did not defend the action because it believed that Gary's insurance policy at the time of the accident had expired. Subsequently, in a separate proceeding that was removed to federal court, the federal district court held that the insurance policy between UAIC and Gary had not lapsed because the insurance contract was ambiguous and, therefore, UAIC had a duty to defend Gary. The court, however, only ordered that UAIC pay James the policy limits.[1] Since 2008, James (on behalf of Cheyenne) has collected only $15,000—paid by UAIC—on the $3.5 million judgment.

---

[1]James and Gary appealed that decision, which is now pending before the Ninth Circuit.

SUPREME COURT
OF
NEVADA

(O) 1947A

In 2018, the district court substituted Cheyenne for James in the 2007 case, given that she had reached the age of majority. Cheyenne subsequently instituted a separate action on the judgment (Case No. A-18-772220-C, hereinafter the 2018 case) or alternatively sought a declaration that the statute of limitations on the original judgment was tolled by Gary's absence from the state since at least 2010, Cheyenne's status as a minor until 2016, and UAIC's last payment in 2015. The complaint[2] sought approximately $5.6 million, including the original judgment plus interest.

UAIC moved to intervene in both the 2007 and the 2018 cases. While those motions were pending, Cheyenne and Gary stipulated to a judgment in favor of Cheyenne in the 2018 case. The district court did not approve their stipulation and granted UAIC's motions to intervene in both the 2007 and the 2018 cases. It also granted UAIC's motion to consolidate the 2007 and the 2018 cases, concluding that the two cases shared significant issues of law and fact, that consolidating the cases would promote judicial economy, and that no parties would be prejudiced. After consolidation, the 2018 case was reassigned from Judge Kephart to Judge Johnson, the judge overseeing the 2007 case.

During a hearing on the consolidated cases, the district court orally stayed the proceedings in the 2018 case pending the resolution of certified questions before this court in *Nalder v. United Automobile Insurance Co.*, Docket No. 70504. The district court subsequently granted the stay in a minute order. On the same day, Gary filed an acceptance of an offer of judgment from Cheyenne despite the stay, and the district court clerk entered the judgment the following day. The district court

---

[2]Gary brought a third-party complaint against UAIC and its counsel in the 2018 case, which was later dismissed.

subsequently filed a written order granting the stay and, because of the stay, granted UAIC relief from and vacated the judgment.

Cheyenne and Gary filed this petition for a writ of mandamus in Docket No. 78085, asking this court to direct the district court to vacate the two orders granting UAIC's intervention in the 2007 and 2018 cases and to strike any subsequent pleadings from UAIC and related orders. Gary in Docket No. 78243 seeks a writ of mandamus directing the district court to vacate its order consolidating the cases, to reassign the 2018 case back to Judge Kephart, and to vacate its order granting UAIC's motion for relief from judgment. We have consolidated both petitions.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to entertain a writ of mandamus is within this court's discretion, and the writ will not be issued if the petitioner has a plain, speedy, and adequate legal remedy. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Generally, orders granting intervention and orders granting consolidation can be challenged on appeal. *See generally, e.g., Lopez v. Merit Ins. Co.*, 109 Nev. 553, 853 P.2d 1266 (1993) (challenging intervention on appeal from final judgment); *Zupancic v. Sierra Vista Recreation, Inc.*, 97 Nev. 187, 625 P.2d 1117 (1981) (challenging consolidation on appeal from permanent injunction). Nonetheless, this court may still exercise its discretion to provide writ relief "under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition." *Cote H. v. Eighth*



*Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (internal quotation marks omitted).

Here, although we recognize that petitioners have a remedy by way of appeal, we exercise our discretion to consider these petitions because they raise important issues of law that need clarification. Namely, we clarify whether intervention is permissible in a case after final judgment has been reached. We also clarify whether consolidation of cases is proper where one case has no pending issues. Sound judicial economy and administration also militate in favor of granting this petition, as our extraordinary intervention at this time will prevent district courts from expending judicial resources on relitigating matters resolved by a final judgment and, additionally, will save petitioners the unnecessary costs of relitigation.

*Intervention*

Cheyenne and Gary argue that UAIC's intervention was improper in the 2007 and 2018 cases because a final judgment was reached in one and a written settlement agreement in the other. Determinations on intervention lie within the district court's discretion. *See Lawler v. Ginochio*, 94 Nev. 623, 626, 584 P.2d 667, 668 (1978). While we ordinarily defer to the district court's exercise of its discretion, "deference is not owed to legal error." *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). Because its decision rested on legal error, we do not defer here to the district court's decision to permit UAIC's intervention in the 2007 case ten years after final judgment was entered.

NRS 12.130 provides that "[b]*efore the trial*, any person may intervene in an action or proceeding, who has an interest in the matter *in litigation*, in the success of either of the parties, or an interest against both." (Emphases added.) In *Ryan v. Landis*, in interpreting a nearly identical

predecessor to NRS 12.130, we adopted the principle that there could be no intervention after judgment, including default judgments and judgments rendered by agreement of the parties. 58 Nev. 253, 259, 75 P.2d 734, 735 (1938). We reaffirmed that principle in *Lopez v. Merit Insurance Co.*, 109 Nev. at 556-57, 853 P.2d at 1268. In reversing a lower court's decision allowing an insurance company to intervene after judgment, we reasoned, "[t]he plain language of NRS 12.130 does not permit intervention subsequent to entry of a final judgment." *Id.* at 556, 853 P.2d at 1268. We do not intend today to disturb that well-settled principle that intervention may not follow a final judgment, nor do we intend to undermine the finality and the preclusive effect of final judgments.

The record clearly shows that a final judgment by default was entered against Gary in 2008 in the 2007 case. Intervention ten years later was therefore impermissible. We reject UAIC's argument that intervention was permissible because the 2008 final judgment expired and is thus void.[3] Nothing permits UAIC to intervene after final judgment to challenge the validity of the judgment itself.[4] *See Ryan*, 58 Nev. at 260, 75 P.2d at 736

---

[3]We additionally reject UAIC's argument that consolidation of the two cases provided a basis for intervention in the 2007 case or that there was a pending issue in the 2007 case. As discussed later, consolidation was improper, as there was no pending issue in the 2007 case. We also decline to consider UAIC's arguments that public policy warrants granting intervention or that NRS 12.130 is unconstitutional, because those arguments are waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

[4]If UAIC wanted to challenge the validity of a judgment, it could have timely intervened before judgment to become a proper party to the litigation to challenge it under NRCP 60. *See* NRCP 60(b)-(c) (2005) (allowing parties

SUPREME COURT
OF
NEVADA

(O) 1947A

7

(rejecting the interveners' argument that intervention was timely because the judgment was void); *see also Eckerson v. C.E. Rudy, Inc.*, 72 Nev. 97, 98-99, 295 P.2d 399, 399 (1956) (holding that third parties attempting to intervene to challenge a default judgment could not do so after judgment had been entered and satisfied). We therefore hold that the district court acted in excess of its authority in granting UAIC's motion to intervene in the 2007 case.

Turning to the 2018 case, we determine that the district court properly granted UAIC's motion to intervene. The district court never entered judgment on the stipulation between Cheyenne and Gary. The stipulation therefore lacked the binding effect of a final judgment and did not bar intervention.[5] *Cf. Willerton v. Bassham*, 111 Nev. 10, 16, 889 P.2d 823, 826 (1995) ("Generally, a judgment entered by the court on consent of the parties after settlement or by stipulation of the parties is as valid and binding a judgment between the parties as if the matter had been fully tried, and bars a later action on the same claim or cause of action as the initial suit.").

---

to move for relief from judgment). Alternatively, UAIC could have brought an equitable independent action to void the judgment. *See* NRCP 60(b) (permitting independent actions to relieve a party from judgment); *Pickett v. Comanche Const., Inc.*, 108 Nev. 422, 427, 836 P.2d 42, 45 (1992) (allowing nonparties to bring an independent action in equity if they could show that they were "directly injured or jeopardized by the judgment").

[5]We note that even if the court had approved the party's stipulation, there is no final judgment "[u]ntil a stipulation to dismiss this action is signed and filed in the trial court, or until this entire case is resolved by some other final, dispositive ruling . . . ." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994).

We reject Cheyenne and Gary's argument that their agreement is sufficient to bar intervention. Our precedent holds that it is judgment, not merely agreement, that bars intervention. *Cf. Lopez*, 109 Nev. at 556, 853 P.2d at 1268 ("[T]his court has not distinguished between judgments entered following trial and *judgments entered . . .* by agreement of the parties." (emphasis added)); *see also Ryan*, 58 Nev. at 259-60, 75 P.2d at 735 ("The principle is the same if the *judgment* is by agreement of the parties." (emphasis added)). Allowing the agreement itself to bar intervention would permit the undesirable result of allowing parties to enter into bad-faith settlements and forbidding a third party potentially liable for the costs of the judgment from intervening because settlement was reached. *Cf. United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (2004) ("Intervention, however, has been granted after settlement agreements were reached in cases where the applicants had no means of knowing that the proposed settlements was contrary to their interests.").

We also clarify that to the extent that our prior opinion in *Ryan* relies on *Henry, Lee & Co. v. Cass County Mill & Elevator Co.*, 42 Iowa 33 (1875), that reliance was intended to explain why our statute does not distinguish between a judgment rendered through verdict or through agreement of the parties. *See Ryan*, 58 Nev. at 260, 75 P.2d at 735. We did not, nor do we intend today, to state that a settlement agreement on its own stands in the place of a judgment. Neither does our opinion in *Dangberg Holdings Nevada, LLC v. Douglas County*, 115 Nev. 129, 139-40, 978 P.2d 311, 317 (1999), suggest so. In *Dangberg Holdings*, we only noted that there was nothing in the record to support petitioner's assertion that there was a finalized settlement agreement barring intervention. *See id.* We hold that

SUPREME COURT
OF
NEVADA


(O) 1947A

9

it is the judgment that bars intervention, not the agreement itself reached by the parties.

Additionally, we note that UAIC timely moved to intervene when it filed its motion one month before the agreement between Cheyenne and Gary was made. The situation here is distinguishable from the situation in *Ryan*, 58 Nev. at 259, 75 P.2d at 735, where we affirmed the district court's denial of a motion for intervention filed almost a year after judgment, and in *Lopez*, 109 Nev. at 555, 853 P.2d at 1267, where we reversed the grant of a motion to intervene filed after judgment was entered. While NRS 12.130 does not explicitly state whether the filing of the motion for intervention or the granting of the motion is the relevant date in determining timeliness, NRCP 24 permits intervention based on the timeliness of the *motion*. *See* NRCP 24(a) (2005)[6] ("Upon timely application anyone shall be permitted to intervene in an action . . . ."); NRS 12.130(1)(a) ("Before the trial, any person may intervene in an action or proceeding . . . ."); *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 993, 860 P.2d 720, 723 (1993) ("Whenever possible, this court will interpret a rule or statute in harmony with other rules and statutes."). We consider the filing of the motion as controlling because any other interpretation would permit collusive settlements between parties one day after an absent third party

---

[6]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *See In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). Any references in this opinion to the Nevada Rules of Civil Procedure apply to the rules that were in effect during the district court proceedings in this case. *See In re Study Comm. to Review the Nev. Rules of Civil Procedure*, ADKT 276 (Order Amending the Nevada Rules of Civil Procedure, July 26, 2004).

tries to intervene or permit judicial delay and bias in determining timeliness.

UAIC also met NRCP 24's requirements for intervention. NRCP 24(a)(2) permits a party to intervene as a right where the party shows that (1) it has a sufficient interest in the subject matter of the litigation, (2) its ability to protect its interest would be impaired if it does not intervene, (3) its interest is not adequately represented, and (4) its application is timely. *Am. Home Assurance Co. v. Eighth Judicial Dist. Court*, 122 Nev. 1229, 1238, 147 P.3d 1120, 1126 (2006). UAIC has shown that it has a sufficient interest in the 2018 case, as it could potentially be liable for all or part of the judgment. Its ability to protect its interests would also be impaired without intervention because as an insurer, it would be bound to the judgment if it failed to defend. *See Allstate Ins. Co. v. Pietrosh*, 85 Nev. 310, 316, 454 P.2d 106, 111 (1969) ("[W]here the [insurance] company is given notice of the action, has the opportunity to intervene, and judgment is thereafter obtained . . . we hold that the company should be bound . . ."). UAIC's interests are not adequately represented by Gary, whose interests are adverse to UAIC's and who is represented by the same counsel as Cheyenne. Lastly, UAIC timely moved to intervene in the 2018 case. UAIC's intervention in the 2018 case was therefore proper.[7]

---

[7]We reject Cheyenne and Gary's arguments that UAIC provided them with improper notice of its motions to intervene and thereby deprived them of due process. UAIC complied with NRCP 24 and NRCP 5 to provide Cheyenne with sufficient notice of UAIC's motions. *See* NRCP 5(b)(2) (permitting service by mailing a copy to the attorney or party's last known address or by electronic means); NRCP 5(b)(4) ("[F]ailure to make proof of service shall not affect the validity of the service."); NRCP 24(c) ("A person desiring to intervene shall serve a motion to intervene upon the parties as

Accordingly, we hold that the district court was required by law to deny UAIC leave to intervene in the 2007 case but did not arbitrarily and capriciously act when granting UAIC leave to intervene in the 2018 case.

*Consolidation*

NRCP 42(a) allows consolidation of pending actions that involve "a common question of law or fact." Like under its identical federal counterpart, a district court enjoys "broad, but not unfettered, discretion in ordering consolidation." *Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 286, 163 P.3d 462, 468 (2007). However, this rule "may be invoked only to consolidate actions already pending." *Pan Am. World Airways, Inc. v. U.S. Dist. Court*, 523 F.2d 1073, 1080 (9th Cir. 1975). We determine that the district court improperly consolidated the 2007 and 2018 cases because a recently filed action cannot be consolidated with an action that reached a final judgment.

In *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000), we clarified that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." Thus, when a final judgment is reached, there necessarily is no "pending" issue left. *See Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 127 Nev. 86, 91 n.2, 247 P.3d 1107, 1110 n.2 (2011) (noting that where issues remain pending in district court, there is no final judgment); *see also*

---

provided in Rule 5."). While we recognize that Gary was not given prior notice of the motions to intervene, Gary had post-hearing opportunities to be heard on the issue. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (recognizing that due process rights may be adequately protected by postdeprivation remedies), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

*Pending, Black's Law Dictionary* (10th ed. 2014) (defining "pending" as "[r]emaining undecided; awaiting decision").

No pending issue remained in the 2007 case. A default judgment was entered against Gary in 2008 in the 2007 case, which resolved all issues in the case and held Gary liable for about $3.5 million in damages. Amending the 2008 judgment in 2018 to replace James' name with Cheyenne's was a ministerial change that did not alter the legal rights and obligations set forth in the original judgment or create any new pending issues. *See Campos-Garcia v. Johnson*, 130 Nev. 610, 612, 331 P.3d 890, 891 (2014) (noting that an "amended judgment" that does not alter legal rights and obligations leaves the original judgment as the final, appealable judgment). While the 2007 and 2018 actions share common legal issues and facts, no issue or fact is pending in the 2007 action that permits it to be consolidated with another case.

We reiterate our goal of promoting judicial efficiency in permitting consolidation. *See Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 852, 124 P.3d 530, 541 (2005). Allowing a case that has reached final judgment to be consolidated with a newer case undermines that goal by permitting relitigation of resolved issues and requiring parties to spend unnecessary additional court costs. We hold that the district court improperly granted UAIC's motion to consolidate the 2007 and 2018 cases.[8]

*Relief from judgment*

Finally, we address whether the district court erred in vacating the judgment entered by the clerk pursuant to NRCP 68 after Gary filed an

---

[8]Because we hold that the district court abused its discretion in granting consolidation, we do not reach Gary's due process arguments against the motion.

acceptance of Cheyenne's offer of judgment. NRCP 60(b)(1) allows the district court to relieve a party from judgment for "mistake, inadvertence, surprise, or excusable neglect." Here, the district court granted UAIC's motion for relief from the judgment because the clerk mistakenly entered judgment when the case was stayed. Reviewing the district court's decision on whether to vacate a judgment for an arbitrary and capricious exercise of discretion, *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996), we determine that the district court did not err.

Gary argues that the district court improperly voided the judgment resulting from Cheyenne and Gary's settlement because judgment was entered before the written stay was filed. While we recognize that judgment was entered before the written stay was filed, we note that it was entered *after* the district court entered a minute order granting the stay.

Generally, a "court's oral pronouncement from the bench, the clerk's minute order, and even an unfiled written order are ineffective." *Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1251, 148 P.3d 694, 698 (2006) (quoting *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987)). These include "[d]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy." *State, Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 455, 92 P.3d 1239, 1246 (2004). However, "[o]ral orders dealing with summary contempt, case management issues, scheduling, administrative matters or emergencies that do not allow a party to gain a procedural or tactical advantage are valid and enforceable." *Id.*

 

We determine that a minute order granting a stay operates like an administrative or emergency order that is valid and enforceable. A stay suspends the authority to act by operating upon the judicial proceeding itself rather than directing an actor's conduct. *Nken v. Holder*, 556 U.S. 418, 428-29 (2009). It is analogous to a judge orally disqualifying himself in *Ham v. Eighth Judicial Dist. Court*, 93 Nev. 409, 410-11, 566 P.2d 420, 421-22 (1977), which we deemed administrative because it did not direct the parties to take action, dispose of substantive matters, or give any party a procedural or tactical advantage. *State, Div. of Child & Family Servs.*, 120 Nev. at 453, 92 P.3d at 1244. A stay preserves the *"status quo ante,"* and thus the parties may not modify the rights and obligations litigated in the underlying matter.[9] *Westside Charter Serv., Inc. v. Gray Line Tours of S. Nev.*, 99 Nev. 456, 460, 665 P.2d 351, 353 (1983). We hold that the district court's minute order was an effective stay and the clerk mistakenly entered Cheyenne and Gary's settlement judgment. We likewise reject Gary's argument that the district court vacating the parties' judgment, ex parte, violated due process. We note that the district court could have *sua sponte* vacated the mistakenly entered judgment without notice to the parties. *See* NRCP 60(a) ("[C]lerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time of its own initiative . . . and after such notice, if any, as the court orders."). In *Marble*

---

[9]Gary argues that parties can settle during a stay. We need not consider that argument because he fails to cite to any supporting authority for this proposition. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that appellate courts need not consider claims that are not cogently argued or supported by relevant authority). Even assuming arguendo that parties can settle on their own during a stay, nothing permits *entry* of that settlement agreement by the court during a stay.

 

*v. Wright*, 77 Nev. 244, 248, 362 P.2d 265, 267 (1961), we distinguished a clerical error as "a mistake or omission by a clerk, counsel, judge, or printer [that] is not the result of the exercise of the judicial function" and "cannot reasonably be attributed to the exercise of judicial consideration or discretion." The clerk's entry here of the judgment was a clerical mistake that did not involve any judicial discretion. Therefore, notice was not required, Gary's due process rights were not violated, and the district court properly vacated the judgment.

## CONCLUSION

We conclude that intervention after final judgment is impermissible, and the district court erred in granting intervention in the 2007 case. We also conclude that an action that reached final judgment has no pending issues, and therefore, the district court improperly consolidated the 2007 and 2018 cases. Finally, we conclude that a minute order granting a stay is effective, and the district court properly vacated the erroneously entered settlement judgment between the parties. Accordingly, we grant in part and deny in part Cheyenne and Gary's petition in Docket No. 78085 and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order granting UAIC leave to intervene in Case No. 07A549111 and to strike any related subsequent pleadings and orders. We also grant in part and deny in part Gary's petition in Docket No. 78243 and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order granting UAIC's motion to

 

consolidate Case Nos. 07A549111 and A-18-772220-C, and to reassign Case No. A-18-772220-C to Judge Kephart.[10]

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver

---

[10]Gary also seeks our intervention to direct the district court to strike as void any orders issued in the 2018 case by Judge Johnson regarding the third-party complaint. We decline that request because Gary has failed to demonstrate why he is seeking this relief and any allegations of conflicts of interest in the petition do not relate to Judge Johnson. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38.

SUPREME COURT
OF
NEVADA

(O) 1947A