THE STATE OF NEVADA, on Relation of LEON-
ARD E. BLAISDELL, Acting District Attorney
of Mineral County, Appellant, v. N. E. CONK-
LIN, Respondent.

No. 3419

September 11, 1944.                    151 P. (2d) 626.

*L. E. Blaisdell,* of Hawthorne, for Appellant.

*N. E. Conklin,* of Hawthorne, for Respondent.

## OPINION

By the Court, DUCKER, J.:

Relator brought this proceeding in quo warranto in the court below to oust N. E. Conklin from the office of district attorney of Mineral County, and to install the relator therein. We will refer to the parties as they are named in the pleadings.

In his complaint relator alleged the following facts: Martin G. Evansen, the elected district attorney of said Mineral County, was inducted into the United States Army on January 3, 1944, and was granted an inactive status until February 23, 1944. He appointed N. E. Conklin, the defendant, deputy district attorney of said county and delivered over to him possession of said office, and left the county. Since February 23, 1944, Evansen has been and is now in military service on active duty with the armed forces. On April 5, 1944, the board of county commissioners of said county at a regular meeting duly appointed relator acting district attorney of said county pursuant to chapter 58 of the Nevada session laws of 1943. He qualified and made demand of defendant for the office, which demand was denied by the latter, who claims to be the lawful acting district attorney of the county.

Defendant, answering, admitted most of these allegations. He denied that he claims to be the acting

district attorney of the county, and in this connection alleges that he is the deputy district attorney of the county duly appointed by the district attorney, who is deemed to be under a leave of absence. He controverts the validity of plaintiff's appointment by the board of county commissioners, by which he claims to be the acting district attorney of the county. Plaintiff's proofs correspond to the unchallenged allegations of his complaint. Defendant offered no evidence at the trial. The court rendered judgment in his favor, that he is the regularly appointed and acting deputy district attorney of Mineral County, and that plaintiff is not the acting district attorney of the county. The plaintiff has appealed from the judgment and the order denying his motion for a new trial.

There is only one question to be determined, and that is the effect of chapter 58 of the session laws of 1943, under the admitted facts. This chapter, pursuant to which the appointment was made in its pertinent parts, reads:

"SECTION 1. The title of the above-entitled act, being chapter 34 of the 1941 Statutes of Nevada, is hereby amended to read as follows: An act providing for the reemployment of persons who enlist or are inducted into the military service of the United States; providing a method for filling the temporary vacancies created by elective officers; and providing the method of enforcing the provisions hereof. * * *

"SEC. 4B. Any elective officer who may hereafter enter the military service of the United States shall be deemed to have been granted a leave of absence for such period of service; *provided, however,* that no leave of absence provided for in this act shall operate to extend the term for which the occupant of any elective position shall have been elected. During such leave of absence the position of any elective officer shall be filled temporarily by an appointment to be made by the officer, board, or other agency which is now authorized by law

to fill a vacancy caused by the death or resignation of the elective officials so ordered to service.

"Any person so appointed during the time of his incumbency shall exercise all the powers and duties of the office, and shall receive the regular compensation therefor. Nothing in this act shall be construed to give any officer who is granted a leave of absence, as provided for herein, any claim for salary or compensation during the continuance thereof, and no such officer shall have any claim therefor."

By reference to section 4799, N. C. L., and section 4813, N. C. L. Supp., it will be seen that the power to fill a vacancy caused by the death or resignation of a district attorney is vested in the board of county commissioners of the county. The former section provides in part:

"Every office shall become vacant upon the occurring of either of the following events before the expiration of the term of such office:

"First—The death or resignation of the incumbent."

The latter section reads:

"When any vacancy shall exist or occur in any county or township office, except the office of district judge, the board of county commissioners shall appoint some suitable person to fill such vacancy until the next ensuing biennial election."

■ The board of county commissioners of Mineral County therefore acted within its authority and pursuant to the command of section 4b in this case. The facts are all present to invoke the operation of the statute, namely, an elective officer, his entering the military service of the United States, an unexpired term, and the appointment of relator by an authorized board to fill the position of district attorney during the former's leave of absence granted him by the statute. Section 4b is self-explanatory. Its terms plainly express the legislative intent and consequently there is no occasion for construction. Brown v. Davis, 1 Nev. 409; In re Walters' Estate, 60 Nev. 172, 104 P. 2d 968.

■ The lower court, as appears from its written decision, found in the record, undertook to construe section 4b and was of the opinion that it was operative only when no deputy had been appointed by the principal. But the section does not say that, and contains no language from which the thought may be reasonably inferred. The benevolent purpose of the statute would be largely frustrated by such a construction. For if it were not for the saving grace of the 1943 statute the district attorney's office which the statute seeks to save for him on his return from service, would now be vacant under the express terms of section 4799, supra, which provides that every office shall become vacant upon "the ceasing of the incumbent to discharge the duties of his office for a period of three months, except when prevented by sickness, or absence from the state upon leave, as provided by law." Certainly in such a situation defendant's deputyship would have long since lapsed. The district attorney of Mineral County is not absent from the state by leave of the board of county commissioners as provided in section 2047, N. C. L. He is absent only by the leave granted in section 4b. That the thought of deputies functioning for principals who had entered military service was not in the mind of the legislature in enacting the 1943 statute, is also apparent from the fact that judicial officers who cannot appoint deputies are within the scope of the statute. The trial court's construction and defendant's contention give no effect whatever to that part of section 4b, which provides: "Any person so appointed during the time of his incumbency shall exercise *all* the powers and duties of the office, and shall receive the regular compensation therefor." The emphasis is ours. It is a cardinal rule of statutory construction that effect must be given, if possible, to the whole statute and every part thereof. Garson v. Steamboat Canal Co. 43 Nev. 298, 185 P. 801, 1119; 59 C. J. 995. The above provision negatives the trial court's finding and conclusion of law that Evansen

is now the acting district attorney of Mineral County, and that defendant is now legally entitled to the office. The authority of the district attorney to appoint defendant as his deputy by virtue of section 4848 N. C. L. is not questioned, but under the facts of the case, the latter's power as such is limited by section 4b. The effect of that section is to suspend the right of the district attorney to exercise the powers and duties of his office during his leave of absence, and the right to receive the regular compensation therefor, and to confer them during that period upon the person appointed by said board. By the same token, the defendant's power to transact the official business appertaining to said office by virtue of his appointment as deputy, became suspended.

The claimed injustice of this view, which abridges the district attorney's right to have his office function by deputy, is more than counterbalanced by the fact that he is relieved of all responsibility for compensation of his deputy during his leave of absence, and all liability on his official bond for all official malfeasance or nonfeasance of the deputy. Section 4849, N. C. L.

Pursuant to these views, we conclude that the defendant should be ousted from the office of district attorney of Mineral County; that relator is entitled to be installed in said office and to exercise all the powers and duties thereof.

The judgment and order appealed from are reversed and the case is remanded with instructions to the lower court to proceed in conformity with section 9214 N. C. L.