DON PETTIT, DBA LIBRARY BUTTERY & PUB, APPELLANT, *v.* MANAGEMENT GUIDANCE, INC., A CORPORATION, RESPONDENT.

No. 10914

December 11, 1979                    603 P.2d 697

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Appellant.

*Nitz, Schofield & Nitz,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to NRS 80.210,[1] the district court dismissed respondent's complaint for damages arising out of an alleged breach of contract on the grounds that respondent, a California corporation, had not, at the time of the commencement of the suit, qualified to do business in Nevada. The district court, aware that the relevant statute of limitations, *see* NRS 11.190(1)(b), had not run and aware that respondent corporation was in the process of effecting compliance with NRS 80.010 *et seq,* Nevada's qualifying statutes, ordered the dismissal to be without prejudice. *Cf.* League to Save Lake Tahoe v. Tahoe R.P.A., 93 Nev. 270, 563 P.2d 582 (1977) (prejudice will adhere to dismissal of unqualified foreign corporation's suit when relevant statute of limitations has run).

Appellant, the prevailing party below, seeks reversal of that decision, contending that the dismissal should have been with prejudice. Appellant does not claim to have been injured or prejudiced by respondent's failure to qualify, but simply argues that the penalty provisions of NRS 80.210 cannot be cured by subsequent statutory compliance. We do not agree.

Strictly construing NRS 80.210 in order "not to limit the rights of [foreign] corporations beyond the plain import of the language used in the statute," we have permitted a foreign corporation to intervene in an action even though it had not complied with Nevada's qualifying statutes until *after* the commencement of the suit. Lawler v. Ginochio, 94 Nev. 623, 625, 584 P.2d 667, 668 (1978), *quoting* Scott v. Day-Bristol Consolidated Mining Co., 37 Nev. 299, 303, 142 P. 625, 626 (1914). We see no reason to distinguish *Lawler* from the instant case.

The order of the district court dismissing respondent's complaint without prejudice is, therefore, affirmed.

---

[1]NRS 80.210(1) provides:

"Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, shall be subject to a fine of not less than $500, to be recovered in a court of competent jurisdiction, and shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state *until it shall have fully complied with the provisions of NRS 80.010 to 80.040, inclusive.*" (Emphasis added.)