DAVID SILVERMAN, D.B.A. DAVID'S PLACE, APPELLANT, v. FIREMAN'S FUND AMERICAN INSURANCE COMPANIES, RESPONDENT.

No. 11929

January 3, 1980                                          604 P.2d 805

*Bell, Leavitt & Green, Chartered,* and *Michael J. Grace,* of Las Vegas, for Appellant.

*Keefer, Clark & O'Reilly,* and *Donald H. Haight,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

We must decide whether the Uniform Arbitration Act, NRS 38.015 through 38.205, includes an agreement providing for valuations and appraisals.

A fire, explosion and catastrophe insurance policy was issued by Fireman's Fund to David Silverman for his restaurant in Las Vegas. That restaurant was bombed and totally destroyed. As provided by the policy, Silverman and Fireman's Fund agreed to an appraisal proceeding to determine the amount of business interruption loss sustained. Each party designated an appraiser who then nominated an umpire. An appraisal award was made on July 12, 1978. Dissatisfied with that award, Silverman commenced this action for declaratory relief on December 7, 1978. He sought court interpretation of the business interruption loss clause of the policy.

Fireman's Fund moved to dismiss on the ground that Silverman had not sought to vacate the appraisal award within 90 days as provided by the Uniform Arbitration Act.[1] That motion was granted and this appeal followed.

1.  The Uniform Arbitration Act was adopted by Nevada in

---

[1]NRS 38.145(2): "An application [to vacate an award] . . . shall be made within 90 days after delivery of a copy of the award to the applicant . . . ."

1969. NRS 38.025(1) thereof provides that the word "Agreement" as used in the Act includes but is not limited to "agreements providing for valuations, appraisals and similar proceedings . . . ." Whether the legislature intended to subject all appraisals to the Uniform Arbitration Act or only arbitration agreements which contemplate an appraisal or valuation of property is dispositive of this appeal. Case authority is split.

Despite such statutory language in its arbitration act, the New York Court of Appeals has preserved the historical distinctions between an appraisement under a standard fire policy and a statutory arbitration. In Re Delmar Box Co., 127 N.E.2d 808 (N.Y. 1955). Accordingly, the court ruled that the determination of a fire loss by appraisal does not fall within the arbitration act. It particularly noted that arbitration is conducted as a quasi judicial proceeding, with hearings, notice of hearings, oaths of witnesses, and is a final settlement of the dispute between the parties. An agreement to arbitrate is specifically enforceable. In contrast, an appraisal is informal. The appraisers are not under oath, are not obliged to hear evidence, and may proceed by ex parte investigation. The knowledge of the appraiser is substituted for the taking of evidence. The New York court did not believe that the legislature intended to erase the distinctions between appraisement and arbitration when it amended the arbitration act to include questions arising out of valuations, appraisals or other controversies.

California has ruled otherwise. Its Code of Civil Procedure § 1280 was amended in 1961 and contains a provision identical to NRS 38.025(1). Before the amendment, the California Supreme Court had ruled that appraisals were excluded from the arbitration statute. Bewick v. Mecham, 156 P.2d 757 (Cal. 1945). That court now applies the enforcement procedures respecting arbitration to appraisals. Jefferson Insurance Co. of N. Y. v. Superior Court, 475 P.2d 880 (Cal. 1970). And, in line with *Jefferson,* a California appellate court has ruled that appraisers empowered by the terms of a policy of life insurance to determine the cash value and loss utilized to determine the amount payable on the policy are arbitrators within CCP 1280. Klubnikin v. Cal. Fair Plan Ass'n, 148 Cal.Rptr. 563 (Cal.App. 1978).

The amendment to CCP 1280 was prompted by a study of the California Law Revision Commission recommending that the arbitration act be broadened to apply to agreements for appraisals and valuations.

We prefer the California view. The language of NRS 38.025

specifically includes appraisals within the arbitration law. The legislative intent is clearly expressed and there is no room for construction. Blaisdell v. Conklin, 62 Nev. 370, 151 P.2d 626 (1944). Since Silverman did not timely pursue the remedy provided by the Arbitration Act, this action is barred.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.