ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLANT, ·v. GEORGE WRIGHT, RESPONDENT.

No. 12220

June 24, 1981                                          629 P.2d 1202

*Reid & Alverson,* Las Vegas, for Appellant.

*Earl & Earl,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this appeal, we are required to determine whether the trial court erred in issuing an order setting aside an appraisal award. We determine that it did not and affirm.

In 1977, a fire destroyed substantial portions of the Nevada Motel. The owner, respondent herein, had insured the premises against fire with appellant St. Paul.

A dispute then arose between St. Paul and Wright as to whether the policy provided coverage for the total value of the motel, as measured by the cost of bringing the building up to code (as required by the city in instances where damage by fire exceeded 50 percent of the building value) or whether coverage was limited to reconstruction costs. St. Paul maintained that the former measure of coverage was prohibitively high. Pursuant to the policy's arbitration clause, the matter was submitted for appraisal. The appraisers not only determined the amount of loss caused by the fire but also concluded that coverage consisted only of the reconstruction cost of the motel. A letter which accompanied the appraisal set forth the rationale upon which the award was based, including a specific notation

that in determining the proper award amount under the policy coverage provisions, constructive total loss was considered inapplicable. Respondent's appraiser objected to the award in writing contending that the umpire had violated appraisal procedure by "making legal determinations."

Respondent filed a petition to vacate the appraisal award, challenging the propriety of the action of the appraisers in interpreting the policy coverage provisions that relate to a constructive total loss.

Upon motion for summary judgment, the court granted Wright's petition to vacate the appraisal award, determining that the appraisers had exceeded the scope of their authority. From the court's order, St. Paul appeals.

Preliminarily, we determine that the order is directly and immediately appealable even absent NRCP 54(b) certification by virtue of NRS 38.205(1)(c), which provides that an appeal may be taken from "an order confirming or denying confirmation of an award." *See* Lane-Tahoe, Inc. v. Kindred Constr. Co., 91 Nev. 385, 536 P.2d 491 (1975). The application of this provision in Chapter 38 of the Nevada Revised Statutes (Uniform Arbitration Act) in this, an appraisal proceeding, is consistent with our recent opinion in Silverman v. Fireman's Fund Amer. Ins., 96 Nev. 30, 604 P.2d 805 (1980).

NRS 38.145 specifically provides that upon the application of a party, the court shall vacate an award where "the arbitrators [appraisers] exceeded their powers." St. Paul asserts that by virtue of a "clear reading of the terms of the policy" the appraisers were limited in authority to strictly determine the "actual cash value" of the insured premises under that portion of the policy which provides that: "The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss, and failing to agree shall submit their differences to the umpire."

Contrary to arbitration, where the arbitrator is frequently given "broad powers, *appraisers* generally have more limited powers." (Emphasis in original.) Jefferson Ins. Co. of N.Y. v. Superior Court, 475 P.2d 880, 883 (Cal. 1970). An appraiser's power generally does not "encompass the disposition of the entire controversy between the parties . . . [but] extends merely to the resolution of the specific issues of actual cash value and the amount of loss." In re Delmar Box Co., 127 N.E.2d 808, 811 (N.Y.App. 1955).

In *Jefferson Ins. Co., supra,* the court was faced with virtually an identical case to the one at bar: The owner of a hotel

which had been damaged by fire and which was insured to 70 percent of its "actual cash value" had sought to vacate the appraisal award achieved under an appraisal clause similar to the one in St. Paul's policy. Additionally, California's arbitration law was applicable to appraisals which could be set aside if the appraisers exceeded their powers. In determining that the appraisers had indeed exceeded the scope of submission, the court stated that:

> The function of the appraisers is to determine the amount of damage resulting to various items submitted for their consideration. It is certainly not their function to resolve questions of coverage and interpret provisions of the policy.

475 P.2d at 883.

In this case, the umpire and appraisers clearly interpreted coverage provisions to arrive at the award figure. This is manifested by the umpire's memorandum summarizing his findings wherein he wrote:

> At this point it is necessary to identify the limits of the coverage for which the insurance company is liable. The specific question to be addressed is whether or not the insuring party is liable for additional damages occasioned by the operation of an ordinance of the type affecting the subject.

Such an admission by the umpire impels our conclusion that the trial court correctly determined that the umpire and appraisers exceeded the scope of their powers. We therefore affirm the trial court's order vacating the award.