NEVADA POWER COMPANY, Appellant, v. PUBLIC
SERVICE COMMISSION OF NEVADA; ALL OTHER
PARTIES OF RECORD in Docket Nos. 83-707 and
83-667 Before the Public Service Commission of
Nevada; and THE ATTORNEY GENERAL'S OFFICE
OF ADVOCATE FOR CUSTOMER OF PUBLIC UTILI-
TIES, Respondents.

No. 16274

January 6, 1986 711 P.2d 867

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, and *Alli-
son, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,*
Carson City, for Appellant.

*Bill Kockenmeister,* Carson City, for Amicus Curiae, Public Service Commission.

*Jon Wellinghoff, Vargas & Bartlett* and *Robert Marshall,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from summary judgment. We have determined that the grant of summary judgment was improper as a matter of law; therefore, we reverse the order granting summary judgment and remand this case to the district court for proceedings in accordance with this opinion.

On July 5, 1983, Nevada Power Company filed an application with the Public Service Commission (Commission) to increase rates by some $42,000,000. This filing was made pursuant to NRS 704.100(1) which provides:

> No changes may be made in any schedule, including schedules of joint rates, or in the rules and regulations affecting any rates or charges, except upon 30 days' notice to the commission, and all changes must be plainly indicated, or by filing new schedules in lieu thereof 30 days before the time the schedules are to take effect. The commission, upon application of any public utility, may prescribe a less time within which a reduction may be made.

On the first day of hearings on this application before the Commission, several intervenors made a motion to dismiss the rate application because no copy of the *proposed* rate schedule had been posted by Nevada Power in their offices. The Attorney General's Office of Advocate for Consumers of Public Utilities (Consumer Advocate) joined in this motion. Both the intervenors

and the Consumer Advocate maintained that NRS 704.100(2) required the posting of proposed rate schedules in the offices of a utility in addition to the filing required by NRS 704.100(1). NRS 704.100(2) states: "Copies of all new or amended schedules must be filed and posted in the stations and offices of public utilities as in the case of original schedules."

After hearing from five witnesses who testified that no copy of the proposed rate schedule had been posted at Nevada Power Company's offices, the Commission decided that NRS 704.100(2) did not clearly set out what the Commission must do in the event that a utility was in violation of the statute. Without making a finding that Nevada Power had violated NRS 704.100(2), the Commission held that a violation of NRS 704.100(2) would not warrant a dismissal of the application in its entirety. After approximately fourteen days of hearings, the Commission granted to Nevada Power a rate increase of some $20,000,000 on December 20, 1983.

In February, 1984, Nevada Power filed a petition with the district court to set aside portions of the order of the Commission granting the rate increase. The Consumer Advocate then filed a motion for summary judgment asking the court to find that because no copy of the proposed rate schedule had been posted, the rate application was not properly noticed. The Consumer Advocate argued that without proper notice the Commission had no jurisdiction to hear the rate application, *see* Public Serv. Comm'n v. Southwest Gas, 99 Nev. 268, 271, 662 P.2d 624 (1983); therefore, the order granting the $20,000,000 rate increase was void. Both the Commission and Nevada Power opposed the motion for summary judgment arguing that NRS 704.100(2) requires the posting of new approved rate schedules not proposed rate schedules. The district court granted the motion for summary judgment stating that NRS 704.100(2) requires posting of proposed rate schedules contemporaneously with the filing of these schedules with the Commission.

While several cases have discussed either NRS 704.100(2) or posting, the issue of posting proposed rates is one of first impression before this court. In Nevada Power Co. v. Public Serv. Comm'n, 91 Nev. 816, 820, 544 P.2d 428 (1975), NRS 704.100(2) was mentioned in passing; however, posting of proposed rate schedules was not before the court. Similarly, we have held that posting of *approved* rate schedules is not a condition precedent to the effectiveness of those rates. *See* Crumley v. Southern Pacific Co., 42 Nev. 337, 177 P. 17 (1918). Neither of these cases answers the issue presented by this appeal; therefore, we must look to the rules of statutory construction.

It is well established that if the language of a statute is plain and unambiguous, there is simply no room for construction of that statute by the court. *See* Blaisdell v. Conklin, 62 Nev. 370, 373, 151 P.2d 626 (1944). However, it is also well established that if there exists an ambiguity in the language of the statute, the courts must adopt a construction of that statute that best reflects the intent of the legislature. *See* In Re Lavendol's Estate, 46 Nev. 181, 209 P. 237 (1922). In determining legislative intent, the whole act, its object, scope and extent must be examined. State of Nevada v. Toll-Road Co., 10 Nev. 155 (1875). Also, while not controlling, the interpretation of the statute by the agency charged with administration of the statute is persuasive. *See* Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 929, 621 P.2d 492 (1980).

It is apparent from a reading of NRS 704.100(1) that the phrase "new schedules" refers to proposed new schedules because these "new schedules" are filed with the Commission 30 days before they are to take effect. However, a reading of NRS 704.100(2) provides no clear meaning for the phrase "new or amended schedules." The language as used in NRS 704.100(2) could refer to either proposed new schedules or approved new schedules. Because the language in NRS 704.100(2) is ambiguous, we must construe that language in a manner that best reflects the intention of the legislature.

A close reading of the statute as enacted in 1919, *see* 1919 Nev. Stats. ch. 109, § 14, reveals no indication that the legislature intended to require the posting of proposed rate schedules. In fact, the language indicates that the rate schedules were to be posted only after they had been approved by the Commission. We also find persuasive the fact that the Commission has determined that posting of currently effective schedules is required; however, proposed new schedules need not be posted. *See* Nev. Admin. Code § 703.410. Based on our examination of the statute and the Commission's interpretation of that statute, we conclude that the legislature did not intend to require utilities to post their proposed rate schedules.[1] Therefore, we conclude that the district court was incorrect when it determined that NRS 704.100(2) required posting of proposed rate schedules.

Accordingly, we reverse the order of the district court granting

---

[1] We also note that only two utilities operating in the State of Nevada, Sierra Pacific Power Co. and CP National, post their proposed rate schedules.

summary judgment and remand this case to the district court for further proceedings consistent with this opinion.

SPRINGER, C. J., GUNDERSON, STEFFEN, and YOUNG, JJ., and WHITEHEAD, D. J.[2]