NATIONAL TOW & ROAD SERVICE, INC., Appellant
and Cross-Respondent, *v.* INTEGRITY INSURANCE
CO., Respondent and Cross-Appellant.

No. 16383

May 1, 1986                          717 P.2d 581

*Fran P. Archuleta,* Reno, for Appellant and Cross-Respondent.

*D. G. Menchetti, Ltd.* and *Bradley P. Elley,* Incline Village, for
Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal and cross appeal from the granting of sum-
mary judgment in favor of respondent. We have determined that
summary judgment was proper as a matter of law; therefore, we
affirm.

On or about October 6, 1983, appellant, pursuant to a request
by the Reno Police Department, towed and stored a certain 1983
Nissan Sentra. Appellant rendered services for towing and stor-
age amounting to $540.00. Thereafter, at appellant's request, a
vehicle appraisal report was completed on November 1, 1983, by
the Department of Motor Vehicles (DMV). This report included a
check of the National Crime Information Computer (NCIC)
which revealed no information on the vehicle. Additionally, the

DMV had Oregon check the lower 48 states by computer. This effort also turned up no information on the vehicle. Having failed to ascertain the owner of the Sentra by the aforementioned means, appellant proceeded to pursue enforcement of its lien rights under NRS ch. 108. Appellant purchased the car at an auction sale after having published notice in the *Reno Gazette Journal* on January 17, 24 and 31, 1984. No notice of the sale had been directed to the DMV.

After the sale, appellant sought the issuance of a title certificate from the DMV reflecting appellant's newly acquired ownership of the vehicle. In the process of considering appellant's request, the DMV contacted a private organization known as the National Automobile Theft Bureau to conduct a title search on the Sentra. As a result, it was determined that the vehicle had been embezzled from a Lakeport, California, automobile dealer. The DMV thereafter refused to issue a certificate of title and appellant filed suit to determine its rights in the vehicle.

Respondent offered to pay all storage and towing charges in return for appellant relinquishing the car. Appellant refused on the basis that the auction was valid and that appellant was the true owner of the vehicle. Initially, appellant obtained a temporary restraining order (TRO), restraining anyone from moving the car from appellant's possession. After the TRO expired, the court refused to extend it. Appellant then moved for a writ of mandamus to compel the DMV to issue a title. The motion was denied. Thereafter, respondent filed a motion for summary judgment, which was granted.

The procedure for establishing a statutory lien is set forth in NRS chapter 108, et seq. Two sections apply directly to liens for the storage of motor vehicles—NRS 108.270 and 108.310. NRS 108.310, in pertinent part, provides:

> 108.310 Satisfaction of lien; sale by auction; disposition of proceeds. Subject to the provisions of NRS 108.315, the lien created in NRS 108.270 to 108.360, inclusive, may be satisfied as follows:
>
> 1. The lien claimant shall give written notice to the person on whose account the storing, maintaining, keeping, repairing, labor, fuel, supplies, facilities, services or accessories were made, done or given, and to any other person known to have or to claim an interest in the motor vehicle, aircraft, motorcycle, motor or aircraft equipment, aircraft parts or trailer, upon which the lien is asserted, and to the:
>     * * * *
> (b) Registration division of the department of motor vehicles and public safety . . . .

The statute requires written notice to the DMV prior to the occurrence of the auction sale. In the case at bar, the DMV was not notified until after the auction had occurred. Shortly thereafter, a secondary source was contacted and additional information was obtained on the vehicle in question. Had the DMV been contacted prior to the auction as required, the entire controversy would have been avoided. Due to appellant's failure to so notify the DMV, the auction sale is void. It is well established that if the language of a statute is plain and unambiguous, there is no basis for its construction by the court. *See* Silverman v. Fireman's Fund Amer. Ins., 96 Nev. 30, 604 P.2d 805 (1980). Therefore, the summary judgment granted by the district court was proper.

Additionally, respondent in its cross appeal contends that the district court had an obligation to award attorney fees and court costs when the motion for summary judgment was granted. NRS 18.020 provides that costs must be awarded in an action to recover the possession of personal property where the value is more than $1,250. However, the instant case arose from a dispute over ownership. It was not an action to recover personal property. Therefore, under NRS 18.050, costs are within the discretion of the court. NRS 18.010 specifies instances when the court may allow attorney fees. The district court exercised its discretion in not allowing attorney fees. There is no evidence that the district court abused its discretion in either of its discretionary rulings.

Accordingly, we affirm in its entirely the order of the district court granting summary judgment.