ATLANTIC COMMERCIAL DEVELOPMENT CORPORATION, APPELLANT, v. STEPHEN BOYLES; FIRST INTERSTATE BANK, RESPONDENTS.

No. 16687

February 24, 1987                              732 P.2d 1360

---

*Carl F. Martillaro* and *Paul A. Sherman,* Carson City; *Davenport & Perry,* Reno, for Appellant.

*Bible, Santini, Hoy, Miller & Trachok,* and *Victor G. Drakulich,* Reno, for Respondents.

# OPINION

*Per Curiam:*

On March 17, 1983, Stephen Boyles, the State Attorney for the State of Florida, mailed a Florida subpoena duces tecum to First Interstate Bank (FIB) requesting copies of financial records concerning an Elko checking account held by Atlantic Commercial Development Corporation (Atlantic). FIB forwarded copies of the materials to Boyles in Florida. Atlantic filed a complaint alleging that Boyles and FIB had not complied with Nevada's Disclosure of Financial Records to Governmental Agencies act, NRS Chapter 239A; specifically, there had been no process from a court of competent jurisdiction in Nevada. An injunction was issued prohibiting the use of the records and ordering their return to FIB.

On June 8, 1985, Boyles filed an NRCP 12(b)(5) motion to dismiss on the grounds that Atlantic, a Delaware corporation, had not qualified to do business in Nevada and therefore was not entitled to commence or maintain an action or proceeding in any court in the state. Discovery revealed that Atlantic had incorporated in Delaware in February 1977, but its charter became void and inoperative for nonpayment of taxes March 1, 1982. Atlantic had filed its complaint on April 30, 1984, during this inactive period. However, it filed for renewal and revival of the corporate charter in August 1984, and filed with the Nevada Secretary of State in February 1985, four months before the action was dismissed.

The district court held that because Atlantic had filed its complaint while its charter was inoperative and void in Delaware, and without qualifying to do business as a foreign corporation in Nevada, it could not maintain an action for any harm sustained during its period of nonexistence. Atlantic's action was dismissed with prejudice.

Atlantic contends that the district court should have dismissed its complaint, if at all, without prejudice. We agree. Under Delaware law, reinstatement of the corporate charter retroactively confirms a corporation's standing to sue with respect to a lawsuit commenced in the forfeiture period. 8 Delaware Code Ann., § 312; Frederick G. Krapf & Son, Inc. v. Gorson, 243 A.2d 713 (Del. 1968). Under NRS 80.210(1) a corporation which fails or neglects to comply with the requirements for doing business in Nevada "shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state until it shall have fully complied with NRS 80.010 to 80.040." NRS 80.210 does not limit the rights of corporations beyond the plain import

of the language used in the statute. Pettit v. Management Guidance, Inc., 95 Nev. 834, 603 P.2d 697 (1979). In *Pettit*, we held that where the relevant statute of limitations had not run and the corporation was in the process of effecting compliance with Nevada's qualifying statutes, dismissal was to be without prejudice. *Id.* We hold that since Atlantic had complied with the qualifying statutes prior to dismissal, dismissal, if at all, should have been without prejudice.

Boyles argues that dismissal with prejudice is appropriate because Atlantic's complaint that he violated the Disclosure of Financial Records to Governmental Agencies act, NRS Chapter 239A, is unenforceable or subject to an absolute defense. NRS Chapter 239A prohibits governmental agencies from requesting and financial institutions from releasing financial records unless authorized by the customer or pursuant to a subpoena or search warrant. NRS 239A.080, 239A.100.

NRS 239A.050 defines a government agency as "an officer, board, commission, department, division, bureau, district or any other unit of government, including political subdivisions, *of this state.*" (Emphasis added.) Boyles contends that because he is with the Florida State Attorney's office, he is not an agency "of this state" and therefore not subject to the provisions of the statute. It is well established that if the language of a statute is plain and unambiguous, there is simply no room for construction of that statute by the courts. Nevada Power Co. v. Public Service Commission, 102 Nev. 1, 711 P.2d 867 (1986). We find the language of NRS 239A.050 to be plain and unambiguous and hold that NRS 239A does not apply to foreign governmental agencies. Nevertheless, this does not mean that foreign governmental agencies may circumvent the intent of the statute, nor does it bar Atlantic from making a claim.

Regardless of the effect of NRS Chapter 239A, the question of jurisdiction to serve the subpoena duces tecum is apparent from the face of the complaint. The subpoena duces tecum sent to FIB was issued by a Florida court requesting records relating to an Elko bank account. The fact that Atlantic may be involved in criminal activity does not give the State of Florida the right to abandon legal process. There is authority that under traditional notions of power and jurisdiction, a court cannot order production of records in the custody and control of a non-party in a foreign judicial district. Cates v. LTV Aerospace Corporation, 480 F.2d 620, 624 (5th Cir. 1973) (citations omitted). Certainly,

a Florida court could not enforce a subpoena duces tecum if FIB refused to comply. Nevada procedure statutes only contemplate process served under the jurisdiction of Nevada courts. We hold that a subpoena duces tecum issued by a foreign court in this matter did not have the power or jurisdiction to order FIB to produce Atlantic's Nevada bank records.

The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, NRS 174.395-174.445, inclusive, provides a method whereby jurisdiction to serve a subpoena duces tecum issued by a court in a foreign jurisdiction may be properly obtained through a Nevada court.[1] The language of NRS 174.415 specifically provides only for subpoenas requesting witnesses for out-of-state criminal proceedings but arguably would apply to a subpoena duces tecum for production of documents. The Act requires that a certificate from the out-of-state court be presented to a judge of record in the county where the person is. NRS 174.415. The judge must then fix a time and place for a hearing and direct the witness to appear. *Id.* We hold that if Boyles still wants Atlantic's bank records, he should obtain them through a court of competent jurisdiction in Nevada.

We modify the district court's dismissal with prejudice and dismiss without prejudice. The subpoena duces tecum, having been improperly served, is quashed.

---

[1]NRS 239A.070 provides that the Disclosure of Financial Records to Governmental Agencies, NRS 439A, does not apply to a subpoena issued pursuant to Title 14 of NRS. (NRS Chapters 169-189.) A subpoena served pursuant to NRS 174.395-174.445 would, therefore, be exempt.