Douglas, J.,
dissenting:
The majority has fashioned a result that appears to be practical and well reasoned as to the payment of sales or use tax on meals that are provided free of charge to patrons and employees. Unfortunately, that result fails to accurately assess the import of the Nevada Constitution, NRS 372.284, and NRS 374.289, and it ignores the need to strictly construe the constitution’s meaning.[1] Article 10, Section 3(A) of the Nevada Constitution provides that
The legislature shall provide by law for:
1. The exemption of food for human consumption from any tax upon the sale, storage, use or consumption of tangible personal property; and
2. These commodities to be excluded from any such exemption:
(a) Prepared food intended for immediate consumption.
(b) Alcoholic beverages.
That provision plainly provides that “[pjrepared food intended for immediate consumption” is not included in the “food for human consumption” that is exempt from taxes.[2]
Thus, in light of the constitution’s plain and unambiguous language, there is simply no room for construction of the constitution or its pertinent statutes — e.g., NRS 372.284 and NRS 374.289 — by the court.[3] Moreover, in construing the tax exemption to include prepared food, the majority has overlooked Shetakis Distributing v. State, Department Taxation, in which we recognized that “[t]ax exemptions are strictly construed in favor of finding taxability and that any reasonable doubt about whether an exemption applies must be construed against the taxpayer.’ ’[4]
Moreover, the Legislature has noted that the exemption was intended to cover the purchase of food for preparation and con *170 sumption at home, not meals provided free of charge, or otherwise, by a restaurant.[5] Thus, Nevada law unequivocally requires a tax to be paid on meals that are provided free of charge to patrons and employees.
Additionally, in light of the above discussion, I conclude that the majority’s adoption of the reasoning stated in Horseshoe Hammond v. Department of State Revenue[6] as to exempt food status is likewise misplaced: the Nevada Constitution specifically does not exempt “[p]repared food intended for immediate consumption”; nor does the Nevada Constitution impose an “at the time it is sold” requirement as implied by the majority.
In short, by accepting the Nugget’s arguments, the majority creates a loophole within Nevada’s tax law that is contrary to the plain language of the Nevada Constitution, the pertinent statutes, and the food exemption’s purpose.
For the reasons stated, I dissent.

 See Sierra Pac. Power v. Department Taxation, 96 Nev. 295, 297, 607 P.2d 1147, 1148 (1980) (“As a general rule, tax exemptions are strictly construed. There is a presumption that the state does not intend to exempt goods or transactions from taxation. Thus, the one claiming exemption must demonstrate clearly an intent to exempt.” (internal citations omitted)).

 NRS 372.284 and NRS 374.289 likewise exclude “ [prepared food intended for immediate consumption” from the tax exemption on food for human consumption.

 See Nevada Power Co. v. Public Serv. Comm’n, 102 Nev. 1, 4, 711 P.2d 867, 869 (1986).

 108 Nev. 901, 907, 839 P.2d 1315, 1319 (1992).

 See 1995 Nev. Stat., ch. 689, § 1(3), at 2665 (clarifying the legislative intent concerning sales tax application to food for immediate consumption).

 865 N.E.2d 725 (Ind. T.C. 2007).