**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINDEN AIR CORPORATION, | No. 16-15712 |
| Plaintiff-Appellant, | DC No. 13-0592 HDM |
| v. | |
| STARR INDEMNITY & LIABILITY COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted October 12, 2017
San Francisco, California

Before:    TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[**] District
Judge.

After its aircraft, a World War II vintage aircraft modified for fire

suppression, was damaged in a wheels-up landing, Appellant Minden Air

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Matthew Frederick Leitman, United States District
Judge for the Eastern District of Michigan, sitting by designation.

Corporation ("Minden Air") made a claim under an insurance policy issued by Appellee Starr Indemnity & Liability Company ("Starr"). The policy provided that, if the aircraft was a total loss, Minden Air would recover the insured value of the aircraft, or $3.4 million. As defined in the policy, a total loss occurred when the repair costs plus the salvage value equaled or exceeded the insured value of the aircraft. In the event the parties could not agree, the policy provided that the amount of loss would be determined by a neutral umpire based on estimates submitted by each party's own, independent appraiser.

The neutral umpire here determined that the amount of loss, as measured in repair costs, was $1,871,038 – and so considerably less than $3.4 million, which was the insured value. No evidence was submitted about the salvage value of the aircraft. Starr paid Minden Air $1,871,038, minus the applicable deductible. The district court therefore granted summary judgment for Starr on Minden Air's breach of contract and bad faith claims. Minden Air now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review a grant of summary judgment de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the

2

relevant substantive law." *Id.* (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002)).

**1.**     The district court properly granted summary judgment in favor of Starr on Minden Air's breach of contract claim.  Under Nevada law, terms in an insurance policy must be viewed in their plain and ordinary sense and read in the context of the policy as a whole.  *See Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011), *as modified on reh'g* (May 23, 2012).  A court should not rewrite otherwise unambiguous contract provisions, or increase an insurer's obligations where they are intentionally and unambiguously limited by the parties.  *Farmers Ins. Grp. v. Stonik ex rel. Stonik*, 867 P.2d 389, 391 (Nev. 1994).  Nevada recognizes that insurance contracts may delegate determinations about the amount of loss to an appraiser, provided the appraiser does not exceed his authority by interpreting the policy or resolving coverage disputes.  *See St. Paul Fire & Marine Ins. Co. v. Wright*, 629 P.2d 1202, 1202-03 (Nev. 1981).

Here, the appraisal clause delegated authority to the neutral umpire to determine the amount of loss.  Read in the context of the policy as a whole, the plain meaning of this provision unambiguously authorized the neutral umpire to assess the amount of loss in terms of the cost to repair the physical damage caused

by the wheels-up landing, rather than listing only a description of that physical damage – as Minden Air contends.

The district court correctly concluded that the neutral umpire's repair cost estimate was determinative of whether the aircraft was a total loss. Minden Air failed to raise a triable issue as to whether the neutral umpire's estimate ignored specific costs that would have been covered under the policy. Minden Air also failed to raise a triable issue as to whether the neutral umpire's estimate contemplated a repair process that would permit the aircraft to be returned to service with regard to repairs for the damage sustained in the wheels-up landing. No evidence was submitted about the aircraft's salvage value. The district court therefore correctly concluded that Minden Air failed to raise a triable issue as to whether the wheels-up landing resulted in a total loss in light of the neutral umpire's binding estimate for considerably less than the insured value of the aircraft.

Accordingly, we affirm the district court's grant of summary judgment in favor of Starr on Minden Air's breach of contract claim.

2. The parties agree that if we affirm the district court on Minden Air's breach of contract claim, we should also affirm the district court's grant of

summary judgment for Starr on Minden Air's bad faith claims. Accordingly, we affirm the district court's grant of summary judgment on these issues, as well.

The judgment of the district court is **AFFIRMED.**